IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**REGINA GRONER, JEFFREY SWINDLE,**
**GEORGE H. BEAM. JR.,**
**and RONALD W. STARK,**
**On behalf of themselves**
**and all others similarly situated,**

    Plaintiffs,

v.                                             Case No. 3:19cv201-MPM-RP

**YALOBUSHA HEALTH SERVICES**
**and YALOBUSHA GENERAL HOSPITAL**
**AND NURSING HOME,**

                                     **JURY DEMANDED**

    Defendants.

**COMPLAINT**

**I.**

**Introduction**

Plaintiffs Regina Groner, Jeffrey Swindle, George H. Beam. Jr., and Ronald W. Stark, on behalf of themselves and all others similarly situated, hereby file this lawsuit against Defendants Yalobusha Health Services and Yalobusha General Hospital and Nursing Home for declaratory relief, injunctive relief, and money damages for violations of the Fair Labor Standards Act (hereinafter "FLSA"). In support thereof, the Plaintiffs would state the following:

## II.

### Jurisdiction and Venue

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 29 U.S.C. § 216(b). All acts alleged in this complaint occurred in the Northern District of Mississippi; therefore, venue is appropriate in this Court.

## III.

### Parties

2. Plaintiff Regina Groner is an adult citizen of the State of Mississippi and a resident of Panola County, Mississippi. At all times relevant, Plaintiff Groner was employed by Defendant in its location in Water Valley, Mississippi as a paramedic, making around $21.00 per hour towards the end of her employment with Defendant.

3. Plaintiff Jeffrey Swindle is an adult citizen of the State of Mississippi and a resident of Desoto County, Mississippi. At all times relevant, Plaintiff Swindle was employed by Defendant in its location in Water Valley, Mississippi as paramedic, making around $19.00 per hour towards the end of his employment with Defendant.

4. Plaintiff George H. Beam, Jr. is an adult citizen of the State of Mississippi and a resident of Tate County, Mississippi. At all times relevant, Plaintiff Beam was employed by Defendant in its location in Water Valley, Mississippi as an EMT - paramedic, making around $21.00 per hour towards the end of his employment with Defendant.

5. Plaintiff Ronald W. Stark is an adult resident citizen of the State of Mississippi and a resident of Yalobusha County, Mississippi. At all times relevant, Plaintiff Stark was employed by Defendant in its location in Water Valley, Mississippi as a paramedic, making around $20.00 per hour towards the end of his employment with Defendant.

6. Defendant Yalobusha Health Services operates Yalobusha General Hospital and Nursing Home. It is an employer within the meaning of the Fair Labor Standards Act (29 U.S.C.

§203). It may be served with process through its Administrator/CEO Terry Varner at 630 S. Main Street, Water Valley, MS 38965.

7. Defendant Yalobusha General Hospital and Nursing Home is an employer within the meaning of the Fair Labor Standards Act (29 U.S.C. §203). It may be served with process through its Administrator/CEO Terry Varner at 630 S. Main Street, Water Valley, MS 38965, or through its Chairman of the Board, Gene Standridge, 630 S. Main Street, Water Valley, MS 38965.

8. At all times relevant, Defendants employed Plaintiffs Groner, Swindle, Beam and Stark and all others similarly situated at its Water Valley location as emergency medical service drivers, emergency medical responder, emergency medical technicians, or paramedics.

## IV.

### Collective Action Allegations

9. This action is a collective action brought under 29 U.S.C. § 216(b), on behalf of Plaintiffs Groner, Swindle, Beam and Stark and all others similarly situated who are described as follows:

> All persons presently or formerly employed by Defendants as emergency medical service drivers, emergency medical responders, emergency medical technicians, or paramedics at their Water Valley location in Mississippi from August 1, 2016 to the present (known hereinafter as "FLSA Class").

10. Plaintiffs Groner, Swindle, Beam and Stark are unable to state the exact number of persons in the FLSA Class. However, Plaintiffs Groner, Swindle, Beam and Stark are informed and believe that the FLSA Class exceeds 20 members. The members of this class are so numerous as to make joinder impracticable.

11. There are questions of law or fact common to the FLSA Class.

12. The claims of Plaintiffs Groner, Swindle, Beam and Stark are typical of the claims of the FLSA Class.

13. Plaintiffs Groner, Swindle, Beam and Stark will fairly and adequately protect the

interests of the FLSA Class. Plaintiffs Groner, Swindle, Beam and Stark know of no difficulty that should be encountered in the management of this litigation that would preclude its maintenance as a collective action or class action. Plaintiffs Groner, Swindle, Beam and Stark do hereby consent to join their claims in this collective action. See Consents, attached hereto as Exhibit "A", "B", "C", and "D".

14. The prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications in different jurisdictions with respect to individual class members, which could establish incompatible standards of conduct for Defendants. Consequently, collective action certification is proper.

15. Defendants, in refusing to pay all overtime owed to the FLSA Class as described herein have so acted and refused to act on grounds generally applicable to all claims, thereby making appropriate declaratory, injunctive and monetary relief for all members of the FLSA Class. Consequently, collective action certification is proper under 29 U.S.C. § 216(b).

16. The common questions of law and fact predominate over any questions affecting individual class members only. A collective action is superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, collective action certification is proper under 29 U.S.C. § 216(b).

## V.
### Factual Allegations

17. At all times relevant, Defendants employed Plaintiffs Groner, Swindle, Beam and Stark and all others similarly situated in connection with the business of Defendant at its location in Water Valley. These Plaintiffs worked together as emergency medical teams which consisted of a combination of emergency medical service drivers, emergency medical responders, emergency medical technicians, or paramedics. The Defendants' policy(ies) as described below pertained to all Plaintiffs.

18. At all relevant times, Defendants have been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203.

19. From August 1, 2016, Defendants employed Plaintiffs Groner, Swindle, Beam and Stark and all others similarly situated, for many workweeks in excess forty (40) hours in the workweek. During these workweeks, Defendants would only compensate all Plaintiffs for only a portion of the hours during their shifts, *e.g.*, for only 20 or 21 hours out of a 24-hour shift, even though they were required to be at the hospital, were on call for any calls, and did not have freedom to leave or use the time as they saw fit during the entire shift.

20. Plaintiffs, for example, worked two 24-hour shifts during a workweek almost every week. This resulted in Plaintiffs working approximately eight hours of overtime in a workweek during the relevant time periods, and Defendants often did not pay or did not pay overtime for all those hours worked over 40 in a workweek.

21. Defendants had a policy that it would not compensate plaintiffs at all for the unpaid overtime hours during those workweeks unless Plaintiffs could show that they were out on a call, or in the ambulance, or performing some other randomly-selected job duty during that time.

22. As such, Defendants did not pay Plaintiffs for *all* hours over 40 during a workweek at their respective overtime rates of one and one-half times the regular rates at which they were employed, even though such time was compensable time under the FLSA. Thus, Defendants owe Plaintiffs overtime compensation for such hours that it refused to compensate Plaintiffs.

23. Defendants characterized the unpaid hours as "downtime" even though Defendants required Plaintiffs to be at the hospital during the entire shift and during the downtime, Plaintiffs did not have the freedom to leave or go where they wanted during that time, and Plaintiffs were required to monitor radio-traffic and respond to anything during that time. Thus, Defendants' policy of not compensating Plaintiffs for all time during their shifts, otherwise known as "downtime," and which caused Plaintiffs to work over 40 hours during the workweek without compensating them for all the hours over 40 at the overtime rate of one and one-half times their regular rate was improper and in violation of the Fair Labor Standards Act, 29 U.S.C. §207(a), as

such time was compensable under the FLSA.

24. Defendants failed and refused to compensate Plaintiffs Groner, Swindle, Beam and Stark and all others similarly situated for *all* such work in excess of forty (40) hours at rates not less than one and one-half (1 ½) times the regular rates at which they were employed during those times, contrary to the provisions of 29 U.S.C. § 207(a).

25. Plaintiffs Groner, Swindle, Beam and Stark and all others similarly situated are non-exempt employees under the FLSA.

26. Defendants' policy of not compensating Plaintiffs for all hours they worked during their shift, especially for the "downtime," applied to all Plaintiffs and led to FLSA violations for failing to compensate Plaintiffs for all hours that they worked in excess of 40 hours in a workweek at one and one-half times their regular rate of pay.

27. Defendants failure to pay overtime compensation for *all* such time was willful and in reckless disregard to the federally protected rights enjoyed by Plaintiffs Groner, Swindle, Beam, and Stark, and all others similarly situated.

28. Plaintiffs Groner, Swindle, Beam and Stark and all others similarly situated would incorporate paragraphs 1 through 27 above as though specifically set forth herein and would state Defendants refusal to pay overtime compensation constitutes violation of the FLSA.

## VI.

### Prayer for Relief

WHEREFORE, THE PREMISES CONSIDERED, Plaintiffs Groner, Swindle, Beam and Stark pray for the following:

1. That the Defendants be required to appear and answer the Complaint within the time provided in the Federal Rules of Civil Procedure;

2. That the Court certify the FLSA Class pursuant to 29 U.S.C. § 216(b);

3. That the Court authorize notification to all persons in the FLSA Class of the existence and their right to participate in the collective action pursuant to 29 U.S.C. § 216(b);

4. That the Court provide declaratory relief clarifying that Plaintiffs Groner, Swindle, Beam and Stark and all others are similarly situated are entitled to receive unpaid regular and overtime compensation;

5. That the Court provide injunctive relief to Plaintiffs Groner, Swindle, Beam and Stark all others are similarly situated by ordering Defendants to pay regular and overtime compensation to Plaintiffs Groner, Swindle, Beam and Stark and all others similarly situated in the future;

6. That Plaintiffs Groner, Swindle, Beam and Stark and all others similarly situated be awarded unpaid regular and overtime compensation;

7. That Plaintiffs Groner, Swindle, Beam and Stark and all others similarly situated be awarded liquidated damages;

8. That Plaintiffs Groner, Swindle, Beam and Stark and all others similarly situated be awarded reasonable attorney fees, expert witness fees, as well as costs and expenses incurred in bringing this lawsuit; and

9. Plaintiffs demand on behalf of themselves and all others similarly situated that such other and further relief as may be just and proper, including, but not limited to, pre-judgment and post-judgment interest.

Respectfully submitted,

By: _____
James D. Harper, MS Bar No. 99386
Terry D. Little, MS Bar No. 99194
Harper Little, PLLC
800 College Hill Road, #5201
P.O. Box 3150
Oxford, Mississippi 38655
Tel:   (662) 234-0320
Fax:   (662) 259-8464
james@harperlittlelaw.com
terry@harperlittlelaw.com

**Attorneys for Plaintiffs**